UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUNIER M. FERNANDEZ VALDES and ANA E. DELGADO, as individuals,

    Plaintiffs,

v.      Case No.:  2:23-cv-472-SPC-KCD

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant American Security Insurance Company's Notice of Removal. (Doc. 1). Plaintiffs Yunier Fernandez Valdes and Ana Delgado sued Defendant in state court over Hurricane Ian damages to their property. Defendant removed the case here under diversity jurisdiction. But diversity is not clear.

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove a

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

civil action from state court if the federal court has diversity jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Here, diversity is not clear because Defendant has not shown Plaintiffs' citizenship. The Notice of Removal says, "Plaintiffs are residents of the State of Florida and they own the property…which is the subject matter of this lawsuit." (Doc. 1 at 2). First, the Court is not sure Plaintiffs are Florida residents. Defendant cites Plaintiffs' Complaint for this, but the Complaint instead states, "Plaintiffs are the titled owners of the property…" (Doc. 1-1 at 2). Second, even if Plaintiffs were Florida residents, residency is not enough to prove citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). And citizenship is determined by the person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention

2

of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

At bottom, Defendant cannot rely on Plaintiffs' residency, nor Plaintiffs' subject property ownership, to show citizenship. Because the Notice of Removal lacks enough information on Plaintiffs' citizenship to satisfy Defendant's jurisdictional burden, Defendant must supplement the Notice of Removal.

Accordingly, it is now

**ORDERED:**

Defendant American Security Insurance Company must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before **July 13, 2023**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction. **Failure to follow this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 5, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record